HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARLOS PINA, | CASE NO. 2:25-cv-00170-RAJ |
| Plaintiff, | ORDER |
| v. | |
| COMCAST CABLE COMMUNICATIONS, LLC and COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC, | |
| Defendants. | |

## I.   INTRODUCTION

THIS MATTER comes before the Court on Defendants Comcast Cable Communications, LLC and Comcast Cable Communications Management, LLC ("Defendants")'s Motion to Stay Proceedings. Dkt. # 30. Plaintiff Carlos Pina ("Plaintiff") did not file a Response to the Motion.[1]

For the reasons set forth below, the Court **GRANTS** Defendants' Motion and **STAYS** this case pending the Ninth Circuit's decision on interlocutory appeal.

---

[1] Despite not responding to the Motion, Plaintiff has indicated his opposition. Dkt. # 31 at ¶ 2.

ORDER - 1

## II. BACKGROUND

This is a wrongful termination action involving allegations of retaliation and disability discrimination. Plaintiff worked for Defendants as a communications technician since 1996. Dkt. # 1-1 at ¶ 2.2. In 2021, he sustained a work-related injury, and he shortly after received long-term disability leave. *Id.* at ¶¶ 2.10–2.12. Defendant engaged in a phone call to discuss his injury with his supervisor, with whom he already had a tumultuous relationship. *Id.* at ¶¶ 2.14–2.17. During the phone call, Plaintiff requested an accommodation in exchange for his returning to work due to his needing a left hip replacement. *Id.* at ¶¶ 2.18–2.20. After informing Plaintiff they would not accommodate him, Defendants released him from his position and ultimately terminated his employment. *Id.* at ¶¶ 2.21–2.29. Plaintiff filed suit against Defendants and asserts the following causes of action: (1) common law retaliation for filing a claim under Title 51 RCW; (2) discrimination due to disparate treatment; (3) retaliation; and (4) failure to accommodate. *Id.* at ¶¶ 3.2–3.19.

In their Motion to Compel Arbitration, Defendants stated that an alternative dispute resolution program called Comcast Solutions was enforceable and bound Plaintiff to arbitration. Under the program, there is a three-step dispute resolution process, involving (1) review/facilitation for "claims related to or arising from any aspect of the employment relationship, including, without limitation . . . terms and conditions of employment, and the termination of the employment relationship; (2) a non-binding mediation through an outside, professional dispute organization; and (3) a binding arbitration hearing. Dkt. # 18-1 at 7. Defendants implemented Comcast Solutions over the course of several months in 2013. Dkt. # 18 at ¶ 3. If an employee did not want to participate in Comcast Solutions, he or she could opt out of the program by submitting a

designated form by a certain date, which in this case was five weeks after receiving the related brochures. *Id.* at ¶ 6.

Defendants claimed that they provided the Comcast Solutions brochure to Plaintiff in both hard copy and electronic form via email. Dkt. # 16 at 4. Conversely, Plaintiff affirmatively stated to the best of his knowledge that he never received the brochure, his inaction did not constitute assent to the terms of Comcast Solutions, and even if it did, Comcast Solutions is unconscionable. *See generally* Dkt. # 24.

The Court declined the Motion to Compel Arbitration, finding that the lack of evidence presented by Defendants and Plaintiff's direct testimony rebutted the presumption of receipt created by the mailbox rule. Dkt. # 27 at 5. On May 5, 2025, Defendants filed a Notice of Appeal from a Judgment or Order of a United States District Court pursuant to Federal Rule of Appellate Procedure 3(a) and 9 U.S.C. § 16(a)(1)(B). Dkt. # 29. Defendants now ask the Court to stay this matter pending interlocutory appeal. Dkt. # 30.

### III.    LEGAL STANDARD

Pursuant to the Federal Arbitration Act, a party has the authority to file an interlocutory appeal from the denial of a motion to compel arbitration. 9 U.S.C. § 16(a)(1)(C). "The common practice in § 16(a) cases . . . is for a district court to stay its proceedings while the interlocutory appeal on arbitrability is ongoing. That common practice reflects common sense." *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 742–43 (2023). "Absent an automatic stay of district court proceedings, Congress's decision in § 16(a) to afford a right to an interlocutory appeal would be largely nullified." *Id.* at 743.

### IV.    DISCUSSION

The Court summarily grants Defendants' Motion. The Supreme Court's decision in *Coinbase* states that granting a stay reflects the common practice, which in turn reflects

common sense. *See id.* at 742–43. In *Coinbase*, the defendant filed a motion to compel arbitration, which the district court subsequently denied. The defendant sought an immediate appeal pursuant to 9 U.S.C. § 16(a), and the Supreme Court granted certiorari. The question before the Supreme Court was "whether the district court must stay its pre-trial and trial proceedings while the interlocutory appeal is ongoing." *Id.* at 738. The Supreme Court answered that question in the affirmative. *See id*.

The facts in the instant matter are almost identical to those in *Coinbase*. Accordingly, the Court sees no reason to deviate from the "common sense" practice of staying the case pending interlocutory appeal. Moreover, Plaintiff has not offered any reasoning to counter Defendants' argument and binding case law. The Court will therefore grant Defendants' Motion.

## V.  CONCLUSION

Based on the foregoing reasons, the Court **GRANTS** Defendants' Motion to Stay Proceedings. Dkt. # 30. All further proceedings in this case are **STAYED** indefinitely pending a decision on Defendants' interlocutory appeal filed under 9 U.S.C. § 16(a).

Dated this 11th day of June, 2025.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

ORDER - 4